## CLAIM OF OVERPAYMENT IN SUIT ON AN ACCOUNT.

Circuit Court of Cuyahoga County.

THE GEORGE J. RENNER BREWING CO. V. DENNIS MICHYNAK.

Decided, January, 1909.

*Cross-Petition—Overpayments on Open Account Made by Mistake—No Demand for Repayment Necessary.*

In an action on an account, with counter-claim for overpayments, where it appears that the overpayments were not voluntary, but were made by mistake, while the account was still open, no demand for their repayment is necessary to entitle the defendant to enforce repayment.

*Grant, Sieber & Mather,* for plaintiff in error.
*Otis, Beery & Otis,* contra.

HENRY. J.; WINCH, J.. and MARVIN, J., concur.

The action below was upon an account for beer sold and delivered to the defendant in error, a saloon-keeper, by the plaintiff brewing company. The former counter-claimed for overpayments made upon said account and recovered a verdict and judgment.

Error is assigned upon the insufficiency of the counter-claim; but we think that the record sufficiently shows that the overpayments were not voluntary and were made by mistake. No demand for their repayment was necessary before suit brought, for the account was open, with debits and credits on each side.

Error is also assigned upon the. admission of testimony of plaintiff's witness, Mary Kinney, who as a bookkeeper had examined the books of both parties and testified to her computations made therefrom. We have carefully read her testimony and find it competent under the rules laid down in *Lawson on Expert-and Opinion Evidence,* p. 186.

It does not appear that her written summary of the computations was received in evidence after objection made thereto.

Her oral testimony as to the fact of overpayment is, however, clear, and though the amount is apparently stated at one point in the record to be $2.40 (a sum less than the verdict), it is elsewhere made plain, not only in her testimony but, somewhat less clearly, in that of the defendant himself, that the final balance is substantially as the jury found it to be.

There is indeed an irreconcilable conflict in the whole evidence as to the true state of the accounts between the parties, but we can find no sufficient reason to disturb the verdict as being against its weight.

The charge of the court is complained of, first, because of the term "preponderance of evidence" was used without definition; but the court mentioned as his reason for omitting generalities that the jury had been sitting in many cases, and counsel did not ask for elaboration.

It is further complained that the court, without warrant from the evidence, imported into the issue "items in dispute in regard to deliveries of beer"; but the record shows plainly that there was such dispute, not indeed as to the fact of deliveries, but whether certain of them did not antedate a former full settlement.

The court, it is also urged, committed error in referring to drivers' discounts on collections, and corrections of credits to the defendant so as to include the same; but the testimony of Miss Kinney and the books of the parties clearly raise the question of fact to which this instruction properly applies. It was for the jury to decide whether there were any such rebates not credited.

We find no error in the record and the judgment is affirmed.